Matter of St. Thomas (2022 NY Slip Op 00612)





Matter of Thomas


2022 NY Slip Op 00612


Decided on January 28, 2022


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, AND BANNISTER, JJ. (Filed Jan. 28, 2022.) 


&em;

[*1]MATTER OF DOREEN MARIE ST. THOMAS, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of censure entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on December 6, 2004, and her office address on file with the Office of Court Administration is a post office box located in Utica. In October 2019, the Grievance Committee filed a petition asserting against respondent certain charges of professional misconduct, including neglecting a client matter, failing to keep a client informed about a matter, and engaging in conduct that is prejudicial to the administration of justice. Although respondent filed an answer denying material allegations of the petition and this Court appointed a referee to conduct a hearing, the parties have since filed a joint motion wherein respondent conditionally admits that she has engaged in certain acts of professional misconduct and the parties request that the Court enter a final order imposing the sanction of public censure.
Respondent conditionally admits that, in March 2016, she agreed to represent a client in an action for divorce, at which time respondent accepted from the client a flat fee retainer payment. Respondent admits that she thereafter neglected the matter, failed to respond in a timely manner to certain inquiries from the client, and failed to keep the client reasonably informed about the matter. Respondent admits that, in early 2018, the client proceeded, pro se, to obtain an uncontested divorce, and respondent did not learn that the client was divorced until the fall of 2018.
Motions for discipline by consent are governed by section 1240.8 (a) (5) of the Rules for Attorney Disciplinary Matters (22 NYCRR), which provides that, at any time after a petition is filed with this Court alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent. Such a motion must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and the specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon sanction (see 22 NYCRR 1240.8 [a] [5] [i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding (see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties and conclude that respondent's admissions establish that she has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to her;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on her fitness as a lawyer.
In imposing the sanction requested by the parties, we have considered various factors in mitigation, including that respondent's admitted misconduct was isolated to a single client matter and appears to have been the result of inadvertence and inattention, rather than venal intent. We have also considered in aggravation of the misconduct, however, that respondent has a disciplinary history that includes a prior public censure imposed by this Court (Matter of St. Thomas, 103 AD3d 130 [4th Dept 2012]). Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.